IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-01265-WDM-BNB

VERNELL MITCHELL,

    Petitioner,

v.

GARY WATKINS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation issued by Magistrate Judge Boyd N. Boland on August 23, 2004. Judge Boland's recommendation is that is that Petitioner's Application for Writ of Habeas Corpus ("Application") be denied. Petitioner filed a timely objection to the recommendations, as did Respondents. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the Application, Respondents' answer, the Traverse, the Supplemental Traverse, Petitioner's supplemental authority on Sixth Amendment Confrontation Claim and the response thereto, the recommendation, Petitioner's objections, and the objections by Respondents. For the reasons that follow, I conclude the recommendation should be accepted.

Petitioner first asserts that the recommendation is in error because Judge Boland did not hold a hearing or expand the record with the transcripts of Petitioner's trial and Rule 35(c) hearings. I disagree. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this case because Petitioner filed his Application after AEDPA's effective date. *See Welch v. Sirmons*, 451 F.3d 675, 682 (10th Cir. 2006). AEDPA strictly limits a federal court's ability to grant evidentiary hearings. 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides that:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on- (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

As discussed in more detail below, Petitioner has not demonstrated that his claims rely on a new rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence. Accordingly, Petitioner is not entitled to an evidentiary hearing on his claims.

I now address the eleven claims contained in Petitioner's Application.

1.  First claim: Admission of hearsay in violation of Confrontation Clause

Judge Boland concluded that the first claim had not been exhausted and was

2

procedurally defaulted because Petitioner had not included it in his petition for certiorari to the Colorado Supreme Court in his direct appeal. A federal habeas court may not review a federal claim that is procedurally defaulted in the state courts under an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Judge Boland further found that Petitioner had not demonstrated that failure to consider the claim would result in a fundamental miscarriage of justice on the grounds that Petitioner is actually innocent. Finally, Judge Boland found that Petitioner had failed to prove cause for his failure to assert this claim. Petitioner argued that the reason he had failed to include this claim in his direct appeal was because he was pro se at the time. Judge Boland held that under *Ross v. Moffit*, 417 U.S. 600 (1974), Petitioner was not entitled to appointed counsel for a discretionary appeal to the Colorado Supreme Court and therefore failed to show cause.

Petitioner objects to the recommendation, citing *People v. Dunlap*, 124 P.3d 780 (Colo. App. 2004) and arguing that his constitutional right to counsel and to effective assistance of counsel extends to proceedings beyond his direct appeal to the Colorado Court of Appeals, including petitions for rehearing and petitions for certiorari. I discern no error. *Ross v. Moffit*, 417 U.S. 600 (1974) establishes that the Constitution does not require the state to afford counsel beyond a first appeal as a matter of right, which was satisfied in Petitioner's case. *People v. Dunlap* does not hold otherwise.

3

      2.      Second claim: Failure by trial court to determine that Petitioner's waiver of right to testify was constitutionally valid

Petitioner asserted in his Application that his right to testify was "impermissably [sic] chilled." Judge Boland found that this claim had been exhausted in the state courts, but that there is no constitutional or federal mandate to inquire into a defendant's decision not to testify, and therefore no grounds for habeas relief. In its objection, the government argues that this claim in fact was not exhausted and is defaulted, as Petitioner has never asserted that his right to testify was "chilled," but only that the record did not show that he had expressly waived his right to testify.

Petitioner objects, arguing that the requirements of *People v. Curtis*, 681 P.2d 504 (Colo. 1984) creates an enforceable due process requirement under the Fourteenth Amendment. Petitioner also cites *United States v. Pennycooke*, 65 F.3d 9 (3d Cir. 1995) for the proposition that in certain circumstances, a trial court should inquire into disagreements between a defendant and counsel to ensure that a defendant's right to testify has not been suppressed.

As Judge Boland noted, the Court of Appeals found that the requirements of *Curtis* were satisfied and the record was devoid of evidence that Petitioner's decision not to testify was involuntary or was usurped by the conduct of his attorney or the trial court. Petitioner presents no additional evidence or argument demonstrating that further inquiry was required. In addition, I agree with the government that whether defendant's right to testify was "chilled," as opposed to whether the trial court record showed an express waiver, was not presented in Petitioner's state appeals and post-

4

conviction proceedings. This provides an alternative basis for the recommendation.

    3.    Third Claim: Delay between offense and charging

Judge Boland determined that this claim was unexhausted and defaulted and no other basis existed for considering it in federal habeas corpus proceedings. Petitioner relies on the same objection he asserted for his First Claim. For the reasons cited in connection with the First Claim, I disagree with Petitioner's objection.

    4.    Fourth Claim: Ineffective assistance of counsel

Petitioner alleges five bases for his claim of ineffective assistance of counsel: (1) failure to obtain employment records to impeach a witness; (2) failure to put on testimony from the police officers with whom a witness claimed he had collaborated with; (3) failure to timely object to a portion of the prosecutor's closing argument; (4) failure to offer evidence of a robbery (Petitioner's theory of the case) into the record; and (5) failure to impeach a witness with his prior criminal history. Judge Boland determined that (2), (3), and (4) were exhausted but that (1) and (5) were procedurally defaulted and Petitioner had not shown cause for the default. Judge Boland then determined that the state appellate court's determination of (2), (3), and (4) was not contrary to and did not involve an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984) and that Petitioner had offered no clear and convincing evidence to rebut the factual determinations of the state court.

Petitioner attempted to argue that his alternative bases for his ineffective assistance of counsel claims are not defaulted by characterizing his first petition for post-conviction relief as an extension of his direct appeal, thus entitling him to

5

appointed counsel and effective assistance of counsel. Judge Boland rejected this argument. Petitioner objects to this portion of Judge Boland's recommendation, arguing again that these claims should not be defaulted because Petitioner could not bring his ineffective assistance of counsel claim until after his direct appeal, at which time he was not entitled to representation. I also reject Petitioner's argument. *Pennsylvania v. Finley*, 481 U.S. 551 (1987) establishes that Petitioner is not entitled to appointed counsel for post-conviction proceedings; accordingly, he has not demonstrated cause for his failure to assert these claims in his state court appeals. *Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997).

Petitioner objects to the portion of the appellate court's determination finding that the decision of Petitioner's counsel not to call the officers as impeachment witnesses was strategic and therefore a matter of discretion. Petitioner attaches a portion of a transcript which he argues demonstrates that his counsel's decision in this regard was not necessarily a strategic one; specifically, counsel testified "I don't recall any – no, I don't recall specifically why or whether we had the resources available to go out and get [an impeachment witness] or just what happened." Applicant's Objections to the Magistrate's Report and Recommendations, Appendix A. Petitioner also contends that evidence exists showing that the purse of one of the victims was not at the crime scene, contrary to the findings of the appellate court, which supports his theory of a robbery.

The testimony of Petitioner's trial counsel does not demonstrate that the decision of the Colorado Court of Appeals was unreasonable or contrary to the governing law concerning ineffective assistance of counsel claims. It appears that

counsel endorsed at least one officer as a witness but made the decision not to call him. The Court of Appeals also determined that any impeachment value of the officers would have been collateral. Petitioner's evidence does not rebut the decision of the Colorado Court of Appeals or demonstrate that it was contrary to or an unreasonable application of governing law. Petitioner did not identify the failure of his counsel to introduce evidence that the victim's purse was not at the crime scene as a basis for this claim in his Application; accordingly, I decline to consider it.

5. Fifth through Ninth Claims

Judge Boland determined that the Fifth, Sixth, Eighth, and Ninth Claims were not exhausted and were procedurally defaulted. Petitioner first raised these claims in his second motion for post-conviction relief. The trial court denied these claims as successive or an abuse of process because they should have been raised in Petitioner's first petition for post-conviction relief. In his appeal to the Colorado Court of Appeals, Petitioner argued that his failure to assert these claims earlier was excusable, but did not address the merits of the claims. His full argument regarding the claims was contained in a memorandum of law that had not been included in the record on appeal. The Colorado Court of Appeals determined that the claims were facially insufficient and upheld the trial court's denial.

The Seventh Claim, for ineffective assistance of post-conviction counsel, was denied on the merits by the trial court and the denial affirmed by the Colorado Court of Appeals. The division of the Court of Appeals determined that this claim was also facially insufficient because Petitioner failed to identify the specific conduct by his

7

counsel that was deficient. The Colorado Supreme Court denied certiorari on all claims. In his objection, Petitioner asserts that all of these claims were exhausted because he presented them to the Colorado Supreme Court by way of the memorandum of law, which he submitted as a supplement in connection with his petition for certiorari. He argues that he was not at fault for the failure to include the memorandum in his designation of the record on appeal.

I agree with Judge Boland that Petitioner has failed to exhaust his state court remedies on the Fifth through Ninth Claims. A claim has been exhausted when it has been "fairly presented" to the state court. *Bland v. Sirmons*, 459 F.3d 999, 1010 (10th Cir. 2006). Petitioner did not present the merits of these claims to the Court of Appeals. In addition, I agree that these claims are procedurally defaulted and that Petitioner has not demonstrated cause for the default or that a fundamental miscarriage of justice will result from the failure to consider these claims.

6. Tenth Claim: Inadequate state remedies

This claim is based on Petitioner's contention that his Fourteenth Amendment due process rights were violated because his motions for post-conviction relief were not liberally construed and his second post-conviction motion should not have been deemed successive. Judge Boland held that this claim does not assert a violation of the Constitution or federal law, because it does not focus on the judgment providing the basis for Petitioner's incarceration. Petitioner objects, arguing that C.R.S. § 18-1-410 and Crim. P. Rule 35(c) create a procedural due process protection enforceable under the Fourteenth Amendment. I discern no error.

8

7.      Eleventh Claim: Error regarding purse at crime scene

Petitioner contends that error occurred because the Court of Appeals, in affirming the denial of Petitioner's first application for post-judgment relief, relied on evidence that the purse of one of the victims was found at the crime scene. Petitioner contends that the record does not demonstrate the existence of a purse. Petitioner filed a variety of post conviction motions based on this alleged error; however, he did not appeal the denial of any of these motions but rather sought and was denied discretionary review of the claim by the Colorado Supreme Court pursuant to Colorado Appellate Rule 21. Judge Boland determined that this claim is not exhausted and is procedurally defaulted. Petitioner objects, arguing that Judge Boland did not liberally construe Petitioner's arguments, which therefore demonstrates prejudice. Petitioner's argument is insufficient to demonstrate that he had good cause for his failure to exhaust his state remedies by appealing the denial of his motions on these issues; accordingly, I do not reach the issue of prejudice.

Accordingly, it is ordered:

1.      The recommendation issued August 23, 2004, is accepted.

2.      Petitioner's Application for Writ of Habeas Corpus is denied.

DATED at Denver, Colorado, on December 27, 2006

BY THE COURT:

s/ Walker D. Miller
United States District Judge